IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JEFFREY G. HAGAN,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES NATIONAL BANK, *et al.*,<br><br>    Defendants. | CIVIL NO. 14-00215 DKW-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Hagan asserts a variety of federal and Hawai'i state law violations by the lenders and servicers of the mortgage on his home. He initiated this action after U.S. Bank initiated a foreclosure proceeding in state court. Because the Court could only potentially have federal question subject matter jurisdiction over Hagan's complaint and because Hagan fails to state a claim under any of his federal claims, the Court dismisses the federal claims and declines to exercise supplemental jurisdiction over Hagan's state law claims.

**BACKGROUND**

U.S. Bank initiated a foreclosure action on Hagan's home on April 22, 2013 in the Circuit Court of the Third Circuit, State of Hawai'i. Apparently in response

to the foreclosure proceedings, Hagan initiated this action on May 5, 2014[1] against U.S. Bank and the other named defendants herein, asserting eighteen causes of action—six arising under federal law, and the remaining claims arising under state law. Relevant here, Hagan asserts the following federal claims: violation of U.S. securities law, 15 U.S.C. § 77q(a)(2), (3) (Fourth Cause of Action); violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968 (Seventh Cause of Action); violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (Thirteenth Cause of Action); violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640 (Fifteenth Cause of Action); and violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Sixth and Sixteenth Causes of Action). As Hagan explains in his complaint, the purposes of this action are to:

    a. determine the real owner of the note and mortgage, and thus the real party in interest;
    b. ascertain what monetary consideration was exchanged for each transfer of the note and/or mortgage;
    c. devise a judicially supervised reasonable and equitable resolution and modification of []his home loan to prevent catastrophic financial injury, emotional harm and disruption to Plaintiff and his family;
    d. examine and evaluate in this court of law that state and federal laws have been violated by the parties and their affiliates who have attempted foreclosure;

---

[1] On May 14, 2014, Hagan also filed a "Notice of Removal" in the state court action. Hagan, however, did not file any notice of removal in this Court, and, as further discussed below, no such removal ever occurred.

  e. determine what fiscal remuneration for Plaintiff and remonstration against Defendants is warranted as a result of the foregoing.

Complaint ¶ 36.

  Defendants move to dismiss the complaint, or alternatively, for a stay pending resolution of the foreclosure matter in state court. The Court verbally granted the motion to dismiss at the hearing on September 12, 2014, but indicated it would issue a written order explaining its decision. Dkt. No. 31. Before that written order could issue, Hagan moved for reconsideration of the Court's verbal order granting defendants' motion to dismiss. The Court therefore addresses in this order both the motion to dismiss and Hagan's motion for reconsideration.

## **STANDARD OF REVIEW**

  Rule 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

A successful motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Na Mamo O 'Aha 'Ino v. Galiher,* 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999). The three reasons generally recognized as justifying reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178–79 (9th Cir. 1998).

Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988). Furthermore, reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Hawaii Stevedores, Inc. v. HT&T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005); *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 649–50 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## **DISCUSSION**

Initially, the Court will address Hagan's contention that he removed the foreclosure action from state court to this Court and that the foreclosure action and this action are one and the same. Although Hagan filed a notice of removal of the foreclosure action in state court, he never filed a notice of removal in this Court. Proper removal procedure requires that:

> [a] defendant or defendants desiring to remove any civil action from a State court *shall file* in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added); *see* Wright & Miller, *Federal Practice and Procedure*, § 3736 ("[R]emoval is effected by the defendant taking three procedural steps: filing a notice of removal in the federal court, filing a copy of this notice in the state court, and giving prompt written notice to all adverse parties."). Having failed to follow the requisite removal procedures, Hagan did not remove anything from state court.

Even if Hagan had followed proper removal procedure, the removal would not have been valid. U.S. Bank's foreclosure action is based solely on state law. Because this Court is one of limited jurisdiction, the only jurisdictional basis for removal of the foreclosure action (because it is based solely on state law) to this Court would be under diversity of citizenship jurisdiction pursuant to 28 U.S.C.

5

§ 1332(a). However, diversity of citizenship cases "may not be removed if any of the . . . defendants [in the state court action] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Hagan is a citizen of Hawai'i and therefore could not remove the foreclosure action to this Court.

Accordingly, the state foreclosure action is not and could not be before this Court. What is before this Court is Hagan's complaint, filed on May 5, 2014, which asserts eighteen causes of action. Defendants contend that the only basis for this Court's subject matter jurisdiction over Hagan's complaint could be federal question jurisdiction pursuant to 28 U.S.C. § 1331. The complaint, however, asserts jurisdiction arising both under diversity of citizenship and federal question jurisdiction. Complaint ¶¶ 1–4.

Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). In order to establish diversity jurisdiction, Hagan must establish complete diversity of the parties. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants"). That is, the complaint must allege facts sufficient to establish diversity of citizenship between Hagan, a citizen of Hawai'i, and each of the defendants. When determining diversity

jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Although some of the defendants are not citizens of Hawaiʻi, the complaint alleges that RCO Hawaii LLC is "domiciled in and/or incorporated in . . . Hawaii/California/Oregon/Washington" and that RCO's address is "900 Fort Street Mall, Suite 800, Honolulu Hawaiʻi 96813." Complaint at page 5 ¶ 1, page 7. The allegation that RCO Hawaii LLC is domiciled or incorporated in Hawaiʻi is fatal to diversity jurisdiction, even if RCO is also simultaneously a citizen of other states. On the face of the pleading, Hagan and RCO share the same citizenship. Thus, the complaint fails to establish diversity jurisdiction.

Consequently, the only possible basis for this Court's subject matter jurisdiction over Hagan's complaint is federal question jurisdiction. As discussed below, however, Hagan fails to state a viable federal claim. Consequently, those claims are dismissed and the Court, in weighing the applicable factors, declines to exercise supplemental jurisdiction over Hagan's state law claims. Dismissal of the federal claims is discussed below.

I. **Motion to Dismiss**

Hagan's claim for violation of securities laws (Fourth Cause of Action) fails to state a claim because "no private right of action lies under section 17(a) [(15

7

U.S.C. § 77q(a))]," the provision on which Hagan bases his securities claim. *See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 823 F.2d 1349, 1358 (9th Cir. 1987). Further, even if there were a private right of action, Hagan would not have standing to assert a claim under this provision. "[A] mortgagee does not qualify . . . as a purchaser, seller, or offeree of a security." *Maixner v. BAC Home Loans Servicing, LP*, 2011 WL 7153929, at *8 (D. Or. Oct. 26, 2011). Therefore, Hagan does not state a cognizable claim for securities violations.

Hagan's RICO claim (Seventh Cause of Action) fails to state a claim because Hagan is unable to plead it with the requisite specificity. Rule 9(b) applies to Hagan's RICO claim and "requires that [Hagan] state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). However, Hagan stated in his brief and at the hearing on Defendants' motion that he did not have the information to support his claim and that he hoped to obtain that information through later discovery. "The requirements of Rule 9(b) are designed to prohibit a plaintiff from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Without anything more than Hagan's "hope" that information supporting

the RICO claim could be obtained at a later point, the RICO claim must be dismissed.

Hagan's RESPA claim (Thirteenth Cause of Action) also fails to state a claim because it fails to allege actual damages. Under RESPA, violators may be liable to the borrower for "any actual damages to the borrower as a result of the failure . . . ." 12 U.S.C. § 2605(f)(1). "'[A] number of courts have read th[is] statute as requiring a showing of pecuniary damages in order to state a claim.'" *Rymal v. Bank of Am.*, 2011 WL 6100979, at *5 (D. Haw. Dec. 6, 2011) (quoting *Shepherd v. Am. Home Mortg. Servs., Inc.*, 2009 WL 4505925, at *3 (E.D. Cal. Nov. 20, 2009)). In *Rymal*, the "Plaintiff's assertion that she had difficulty locating the real party in interest to mitigate losses or discuss 'work out options' d[id] not adequately constitute actual damages," and thus the Court dismissed the RESPA claim. That same rule directs dismissal of Hagan's RESPA claim here. *See Solan v. Everhome Mortg. Co.*, 2011 WL 456013, at *3 (S.D. Cal. Feb. 3, 2011) (dismissing a RESPA claim where the plaintiff provided "only conclusory allegations as to how she was damaged by the alleged failure to fully respond to the QWR").

Hagan's TILA claim (Fifteenth Cause of Action) fails to state a claim because it is barred by the statute of limitations. Damages (both statutory and actual damages) are recoverable under TILA for violations of its disclosure

requirements. 15 U.S.C. § 1640(a). However, section 1640(e) imposes a 1-year statute of limitations on claims for damages. That 1-year period typically "runs from the date of consummation of the transaction . . . ." *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). Further, the 1-year period applies to both actual and statutory damages. *See Vietor v. Commonwealth Land Title*, 2010 WL 545856, at *3 (N.D. Cal. Feb. 11, 2010); *In re Wentz*, 393 B.R. 545, 553 (S.D. Ohio 2008). Here, although Hagan's mortgage was executed on October 21, 2005, he did not initiate this action until May 5, 2014. In other words, Hagan initiated this action over seven years after the statute of limitations for his TILA damages claim had run.[2]

Finally, Hagan's FDCPA claims (Sixth and Sixteenth Causes of Action) fail because the defendants are not "debt collectors" within the meaning of the FDCPA by virtue of their attempts to foreclose on the property. "Since a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA." *Hanaway v. JPMorgan Chase Bank*, 2011 WL 672559, at *4 (C.D. Cal. Feb. 15, 2011). Consequently, "[t]o the extent [Hagan's] FDCPA claim is based on the foreclosure proceedings, the claim fails as a matter of law." *Kitamura v. AOAO of Lihue Townhouse*, 2013 WL

---

[2] Even assuming, as Hagan argues, that the October 12, 2009 forbearance plan agreement was a new loan that triggered a new TILA limitations period, the statute of limitations would have run on October 12, 2010, still more than 3 years before Hagan initiated this action.

10

1398058, at *4 (D. Haw. Mar. 29, 2013); *see Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (holding that merely foreclosing on a property pursuant to the deed of trust without collecting debt does not fall within the terms of the FDCPA.). To the extent that Hagan is alleging other conduct not related to foreclosure, the Court dismisses his FDCPA claims pursuant to Fed. R. Civ. P. 8(a) because Hagan does not include sufficient factual allegations to support any other theory of an FDCPA violation.

Having dismissed the only federal claims that could support federal subject matter jurisdiction, this Court may decline to exercise supplemental jurisdiction over the remaining state law claims in the complaint. 28 U.S.C. § 1367(c). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The Supreme Court has clarified that this does not require mandatory dismissal when federal claims are dismissed, but "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be

considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7.

The Court does not reach the question of whether Hagan's state law claims state a claim for purposes of Fed. R. Civ. P. 12(b)(6). Instead, the Court concludes here that the factors of judicial economy, convenience, fairness, and comity balance in favor of declining supplemental jurisdiction over Hagan's remaining state claims. Accordingly, those claims are also dismissed.

## II. **Motion for Reconsideration**

Following the Court's September 2014 verbal ruling at the hearing that granted defendants' motion to dismiss, Hagan filed a motion for reconsideration. Dkt. No. 32. Hagan asserts that his opposition brief and his sur-reply[3] provide the Court with the grounds to deny the motion to dismiss. Hagan has not shown an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. *See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178–79 (9th Cir. 1998). Accordingly, the Court denies the motion for reconsideration.

---

[3] At the hearing, the Court struck the sur-reply because Hagan did not obtain leave to file any supplemental brief, in contravention of the Court's local rules of practice. *See* L.R. 7.4.

## CONCLUSION

For the foregoing reasons, the Court grants the defendants' motion to dismiss and denies Hagan's motion for reconsideration. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: October 27, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Hagan v. United States National Bank, et al.; CV 14-00215 DKW/KSC; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION